CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JUL 03 2014

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| MICHAEL COLES, | ) | Civil Action No. 7:14-cv-00189 |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| JOHN R. MAUS, et al., | ) | By:   Hon. Glen E. Conrad |
|     Defendants. | ) |        Chief United States District Judge |

Michael Coles, a Virginia inmate proceeding pro se, filed a civil rights action, pursuant to 42 U.S.C. § 1983. Plaintiff names as defendants John R. Maus, who was Plaintiff's former criminal defense attorney, and various staff of the Orange County Regional Jail ("Jail"). This matter is before the court for screening, pursuant to 28 U.S.C. § 1915A.[1] After reviewing Plaintiff's Amended Complaint, the court dismisses the action as frivolous.

I.

Plaintiff was placed in the Jail's "drunk tank" from December 27, 2008, to January 9, 2009. Liberally construing Plaintiff's Amended Complaint, Plaintiff argues that the conditions of confinement he experienced as a pretrial detainee in the drunk tank violated the Fourteenth Amendment of the United States Constitution. Plaintiff also complains that defendants who worked at the Jail did not correct the conditions of the drunk tank and made offensive comments.

---

[1] The court must dismiss an action or claim filed by an inmate if the court determines that the action or claim is frivolous or fails to state a claim on which relief may be granted. See 28 U.S.C. §§ 1915(e)(2), 1915A(b)(1); 42 U.S.C. § 1997e(c). The first standard includes claims based upon "an indisputably meritless legal theory," "claims of infringement of a legal interest which clearly does not exist," or claims where the "factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989). Although the court liberally construes pro se complaints, Haines v. Kerner, 404 U.S. 519, 520-21 (1972), the court does not act as an inmate's advocate, sua sponte developing statutory and constitutional claims not clearly raised in a complaint. See Brock v. Carroll, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985); see also Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978) (recognizing that a district court is not expected to assume the role of advocate for a pro se plaintiff).

## II.
### A.

Section 1983 adopts the statute of limitations that the forum state uses for general personal injury cases. Owens v. Okure, 488 U.S. 235, 249-50 (1989). Virginia's applicable statute of limitations for § 1983 actions is two years and may be tolled. See VA. CODE §§ 8.01-229, 8.01-243(A). However, federal law itself governs the question of when a cause of action accrues. Cox v. Stanton, 529 F.2d 47, 50 (4th Cir. 1975). A federal cause of action accrues when "the plaintiff has 'a complete and present cause of action'" or when the plaintiff "can file suit and obtain relief." Bay Area Laundry and Dry Cleaning Pension Trust Fund v. Ferbar Corp. of Cal., 522 U.S. 192, 201 (1997).

Plaintiff's cause of action about his experiences in the drunk tank accrued on December 27, 2008, but Plaintiff did not file this action until April 2014. The court conditionally filed the action, advised Plaintiff that the action appeared untimely, and invited argument why the action should not be dismissed as untimely. Plaintiff did not present evidence or argument why the action should be considered timely filed, and no basis to toll the limitations period appears in the record. Accordingly, the untimely claims involving the conditions of the drunk tank are dismissed without prejudice as frivolous. See Brooks v. City of Winston-Salem, North Carolina, 85 F.3d 178, 181 (4th Cir. 1996) (stating sua sponte dismissal is proper when the face of the complaint clearly reveals the existence of a meritorious affirmative defense); Nasim v. Warden, 64 F.3d 951, 954-55 (4th Cir. 1995) (affirming district court's sua sponte dismissal as frivolous when the plaintiff's claims were time-barred by the statute of limitations); Todd v. Baskerville, 712 F.2d 70, 74 (4th Cir. 1983) (same).

**B.**

Plaintiff also alleges that several defendants made comments that Plaintiff considered offensive. When a defendant makes comments that may constitute verbal abuse or harassment, those comments alone do not rise to the level of an Eighth Amendment violation. See Collins v. Cundy, 603 F.2d 825, 827 (10th Cir. 1979), cited favorably in Moody v. Grove, 885 F.2d 865 (4th Cir. 1989) (table) (unpublished) (stating as a general rule that verbal abuse of inmates by guards, without more, does not state a constitutional claim); Morrison v. Martin, 755 F. Supp. 683, 687 (E.D.N.C. 1990) (same). The Constitution does not "protect against all intrusions on one's peace of mind." Pittsley v. Warish, 927 F.2d 3, 7 (1st Cir. 1991). Verbal harassment and idle threats to an inmate, even to an extent that it causes an inmate fear or emotional anxiety, do not constitute an invasion of any identified liberty interest. See, e.g., Emmons v. McLaughlin, 874 F.2d 351, 354 (6th Cir. 1989); Martin v. Sargent, 780 F.2d 1334, 1338 (8th Cir. 1985); Lamar v. Steele, 698 F.2d 1286 (5th Cir. 1983). The law is clear that mere "threatening language and gestures of [a] penal officer do not, even if true, constitute constitutional violations." Fisher v. Woodson, 373 F. Supp. 970, 973 (E.D. Va. 1973). Accordingly, Plaintiff pursues an indisputably meritless legal theory about defendants' comments, and these claims are dismissed without prejudice as frivolous.

**C.**

Plaintiff names his former criminal defense attorney as a defendant, alleging only that the attorney "took a[n] oath to protect everyone that enter[ed] th[e] [Jail]." An attorney, whether retained, court-appointed, or a public defender, who defends Plaintiff against a criminal charge does not act under color of state law, which is a jurisdictional prerequisite for an action pursuant

to 42 U.S.C. § 1983. See, e.g., Deas v. Potts, 547 F.2d 800 (4th Cir. 1976) (private attorney); Hall v. Quillen, 631 F.2d 1154, 1155-56 & nn.2-3 (4th Cir. 1980) (court-appointed attorney); Polk County v. Dodson, 454 U.S. 312, 317-24 & nn.8-16 (1981) (public defender). Accordingly, Plaintiff's inclusion of attorney John R. Maus as a defendant to this § 1983 action pursues an indisputably meritless legal theory, and the claims against the attorney are dismissed without prejudice as frivolous.

### III.

For the foregoing reasons, the court dismisses the action without prejudice as frivolous, pursuant to 28 U.S.C. § 1915A(b)(1).

**ENTER**: This 2d day of July, 2014.

*/s/ Jane Carroll*
Chief United States District Judge